# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

MIRIAM ROSARIO,

     Plaintiff,                          Case No:_____

v.

LAUSANNE COLLEGIATE SCHOOL,     **JURY DEMANDED**

     Defendant.

---

## COMPLAINT

---

COMES NOW Plaintiff, Miriam Rosario ("Plaintiff"), and brings this civil rights action against her employer, Lausanne Collegiate School ("Defendant"). Plaintiff, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Family and Medical Leave Act 29 U.S.C. § 2601 *et seq.* ("FMLA") and the American with Disabilities Act, as amended, 42 U.S.C. § 12201, *et seq.* ("ADA"), seeks to remedy the Defendant's violations of those statutes.

## I. PARTIES

1.    Plaintiff, Miriam Rosario, is a resident citizen of Shelby County, Tennessee and is employed as a teacher at Lausanne Collegiate School. At all times relevant hereto, Plaintiff is ready, willing and able to perform all of the essential functions of her position.

2.    Defendant Lausanne Collegiate School is non-profit corporation, incorporated pursuant to the laws of the State of Tennessee and may be served with process upon its registered agent, Stuart McCathie, 1381 W Massey Road, Memphis, Tennessee 38120.

## II.  JURISDICTION AND VENUE

3.     The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 12201, et seq., and 28 U.S.C. §§ 1331 and 1343(a)(3) and (4).

4.     Venue is proper in this Court as all parties can be found in this District and all the actions complained of herein took place in this District.

## III. STATEMENT OF FACTS

5.     Plaintiff was hired by Defendant as a teacher in August 2007 when she began her career as a Spanish and French teacher in the upper school of Lausanne.

6.     Plaintiff is female and is a Cuban-American and is the only Hispanic at the middle school where she teaches.

7.     Plaintiff suffers from PTSD, anxiety, and major depressive disorder and has sought treatment for those conditions.  Her impairment substantially limits, among other thing, the major life activities of working, eating, sleeping, and interacting with others.

8.     Plaintiff is an otherwise qualified individual with a disability as defined by the ADA.

9.     Throughout her employment with the Defendant, Plaintiff has consistently met or exceeded expectations in her job performance as is evidenced by her performance evaluations and commendations.

10.     Prior to the events described herein, Plaintiff had built up an significant amount of sick leave.

11.     In 2008, Plaintiff was transferred to teach French in the middle school where she began to work under the immediate supervision of Greg Graber.

12.     Greg Graber, is a white male.  Upon information and belief, he is not Hispanic.

13.     While under Graber's supervision, Plaintiff has suffered harassment at the hands of Graber, typically around her use of leave to take her daughter, who also suffers from a disability.

14.     For example, in November 2010, after Plaintiff took leave to take her child to the doctor.  His harassing behavior became so extreme that Ms. Rosario felt compelled to confront him about it in his office.

15.     A couple months later, became ill for a week, but came into work.  When she emailed Mr. Graber her plans to take a day of leave to recover, he called her into his office to berate her for "planning" to take a day of sick leave.

16.     In November 2015, Plaintiff took leave to take her daughter to a doctor's appointment.  Again, she was called into Graber's office to harass her about taking leave.

17.     Graber has been overheard making derogatory remarks about Plaintiff, her physical appearance,  and that of other females, often calling women with children "breeders."  Upon information and belief, Graber has made derogatory and discriminatory remarks about people of color who work at Lausanne.

18.     On September 14, 2018, Plaintiff's professional association membership was not renewed without explanation.  A majority of the language teachers belong to this association and her membership had been renewed previous years while Plaintiff was employed by Defendant. Upon information and belief, other non-hispanic and non-disabled teachers' professional association memberships have been approved and renewed.

19.     In November 2018, Plaintiff traveled to Miami, Florida for the Thanksgiving holiday and traveled back to Memphis, Tennessee on Saturday, November 24, 2018.

20.     On Saturday, November 24, 2018, Plaintiff became ill and was incapacitated from regular activities on that day and the following three days.  Plaintiff was examined and treated by her physician with a  continuing course of treatment, for a virus on Monday, November 26, 2018.

21.     Plaintiff was absent from work, Monday, November 26, 2018 and Tuesday, November 27, 2018 and returned to work for a partial day on Wednesday November 28, 2018. She returned to see her doctor on Thursday, November 29, 2018 and was absent from work that day and Friday, November 29, 2018.

22.     Plaintiff has a serious health condition as defined by the FMLA.  Plaintiff's leave should have been certified as FMLA-protected leave, but upon information and belief, Defendant never submitted to Plaintiff the paperwork to receive such protection.

23.     On December 11, 2018, Plaintiff was sent an email by Graber and was called into his office where she was given "counselling" regarding her "frequent absences."

24.     Other non-hispanic, male or non-disabled teachers and faculty members who have taken as much if not more sick leave than Plaintiff, have not been called into Graber's office to discuss their leave.

25.     On January 27, 2019, placed on medical leave due to her disability, which was extended by her treating physician to May 28, 2019.   Finding that the conditions at her workplace were intolerable and exacerbated her PTSD, anxiety and depression, Plaintiff has not returned to work since she was placed on medical leave.

26.     On February 5, 2019, Plaintiff formally informed her employer of her disability when she submitted her paperwork for FMLA for the leave taken after January 27, 2019.  Upon information and belief, Plaintiff's related absences were certified by Defendant as protected by FMLA.

27.     On March 27, 2019, Stuart McCathie, the headmaster at Lausanne did not renew Plaintiff's contract for the 2019-2020 school year.

28.     After Plaintiff's legal counsel intervened, Defendant offered Plaintiff a contract, but Defendant modified her position from "full time teacher, middle school" to "full-time teacher", a material provision on the conditions of her employment.  Upon information and belief, other teachers who have not engaged in protected EEO activity or who do not suffer from a disability did not have this material provision changed on their contracts.

29.     On February 15, 2019, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunities Commission ("EEOC") in Memphis, Tennessee, Charge No. 490-2019-00691 alleging gender, national origin, and disability discrimination.  A true and correct copy of the charge is attached hereto as Exhibit A.

30.     On August 20, 2019 the EEOC issued a Notice of Right to Sue Within 90 Days to Plaintiff on the first charge.  A true and correct copy of the Notice is attached hereto as Exhibit B.

31.     On May 6, 2019, Plaintiff filed a second Charge of Discrimination with the Equal Employment Opportunities Commission ("EEOC") in Memphis, Tennessee, Charge No. 490-2019-01749 alleging disability discrimination and retaliation.  A true and correct copy of the charge is attached hereto as Exhibit C.

32.     On September 26, 2019 the EEOC issued a Notice of Right to Sue Within 90 Days to Plaintiff on the second charge.  A true and correct copy of the Notice is attached hereto as Exhibit D.

33.     Plaintiff has exhausted her administrative remedies.

34.     This action is timely filed.

## IV. CAUSES OF ACTION

### COUNT I – VIOLATIONS OF TITLE VII AND ADA – GENDER DISCRIMINATION, DISABILITY DISCRIMINATION, AND RETALIATION

35.     Plaintiff incorporates the paragraphs above by reference as though specifically set forth herein, and alleges that:

36.     Defendant's actions constitute unlawful discrimination in violation of Title VII and the Americans with Disabilities Act.   Specifically, Plaintiff has complained of a hostile environment and harassment based upon her gender and her disability, which Defendant has failed to investigate or take remedial measures to correct.  Defendant has treated Plaintiff less favorably based upon her gender and/or her disability.  Upon information and belief, other similarly-situated male individuals, non-Hispanic individuals, and non-disabled individuals have been treated more favorably than Plaintiff.

37.     Defendant's actions constitute unlawful retaliation in violation of Title VII and the Americans with Disabilities Act.  Specifically, Defendant has treated Plaintiff less favorably in retaliation for her voicing opposition to perceived discrimination, as well as for asserting her rights under Title VII and the ADA.

38.     Upon information and belief, other similarly-situated individuals who have not voiced opposition to discriminatory practices have been treated more favorably than Plaintiff.

39.     As a direct and proximate result of Defendant's intentional and unlawful conduct toward Plaintiff, Plaintiff has lost and continues to lose significant wages and benefits and has sustained other pecuniary loss.

40.     Plaintiff, as a direct result of Defendant's intentional and unlawful actions, has suffered damage to her professional career and professional reputation, as well as to her personal reputation.

41.     Further, Defendant's intentional and unlawful actions taken against Plaintiff have been demeaning to Plaintiff and have caused Plaintiff to suffer pain, humiliation, and embarrassment, as well as severe anxiety, depression, stress, and emotional distress which has resulted in mental and physical injuries for which Plaintiff has had to seek medical treatment.

42.     Defendant's unlawful actions complained of above were intentional, malicious, and taken in reckless disregard to the constitutional and statutory rights of Plaintiff.

<u>COUNT II – VIOLATION OF THE FMLA – INTERFERENCE AND RETALIATION</u>

43.     Plaintiff incorporates the paragraphs above by reference as though specifically set forth herein, and alleges that:

44.     Plaintiff qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since she began suffering from a serious health condition, had worked for more than 1,250 hours in the previous 12 months.  The FMLA defines a "serious health condition" as, *inter alia,* an incapacity of more than three days plus a continuing course of treatment.

45.     Plaintiff is entitled to all of the benefits, protections, and rights under the FMLA.

46.     Defendant, by questioning Plaintiff's use of leave that should have been protected by FMLA, interfered with and discouraged Plaintiff and others from taking such protected leave.

47.     Defendant, by initially failing to renew Plaintiff's contract, and subsequently modifying the contract with less favorable terms, interfered with and discouraged Plaintiff and others from taking such protected leave and retaliated against Plaintiff for taking such leave.

48.    As a direct and proximate result of Defendant's willful, intentional and unlawful conduct toward Plaintiff, Plaintiff has lost and continues to lose significant wages and benefits and has sustained other pecuniary loss.  Plaintiff is entitled to recover actual monetary losses, interest at the prevailing rate, and liquidated damages.

<u>V. PRAYER FOR RELIEF</u>

WHEREFORE, for the reasons set forth above, Plaintiff prays that the following relief be granted following a jury verdict in her favor:

1.    An award of back pay, lost benefits, and other pecuniary losses proximately caused by Defendant's unlawful conduct;

2.    Compensatory damages for the emotional distress, loss of enjoyment of life, humiliation and embarrassment caused by Defendant in an amount to be determined by the jury;

3.    Liquidated damages under 29 U.S.C. § 2617(a)(l)(A);

4.    A trial by jury; and

5.    Injunctive or other such further legal and equitable relief as is deemed just and proper.

Respectfully Submitted,

*/s/ James M. Allen*
JAMES M. ALLEN BPR 15968
Attorney for Plaintiff

ALLEN LAW FIRM, PLLC
212 Adams Avenue
Memphis, TN 38103
901-321-0731 P
901-321-0751 F
jim@jmallenlaw.com